## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **HENRY M. DRURY III, as** | : | |
| **Administrator of the Estate of** | : | |
| **ANDREW M. DRURY, deceased** | : | |
| 642 Earl Street | : | **CIVIL ACTION** |
| Philadelphia, PA 19147 | : | |
| *Plaintiff* | : | |
| vs. | : | |
| **PENNSYLVANIA OFFICE OF** | : | |
| **ATTORNEY GENERAL** | **:** | |
| 16ᵗʰ Floor, Strawberry Square | : | |
| Harrisburg, PA 17120 | : | |
| | : | No.: _____ |
| and | : | |
| | : | |
| **PHILADELPHIA DEPARTMENT** | : | |
| **OF PRISONS** | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| and | : | |
| | : | |
| **CURRAN-FROMHOLD** | : | |
| **CORRECTIONAL FACILITY** | : | |
| 7901 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| and | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| Risk Management Division – Claims Unit | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN DOE(S) 1-3** used herein to designate | : | |
| one or more unknown parties to this incident | : | |
| | : | |

## COMPLAINT

The Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, by and through his undersigned counsel, brings this civil action against Defendants, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, Curran-Fromhold Correctional Facility, City of Philadelphia, and John Doe(s) 1-3, and make the following allegations.

## PARTIES

1.      Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, is an adult individual currently residing at the above-captioned address and is the duly appointed administrator of the Estate of the Decedent, Andrew M. Drury (hereinafter, sometimes referred to as "Decedent.")

2.      Defendant, Pennsylvania Office of Attorney General, is the chief law enforcement office(r) of the Commonwealth of Pennsylvania who may be served at their above-captioned offices within the Commonwealth of Pennsylvania. Proper six-month notice was provided to this Defendant, at both their Harrisburg and Philadelphia offices, pursuant to 42 Pa.C.S. § 5522, via letter(s) dated June 12, 2025, which are attached hereto as Exhibit "A."

3.      Defendant, Philadelphia Department of Prisons, is the operator of four correctional facilities within the City and County of Philadelphia including the Curran-Fromhold Correctional Facility, and which may be served at their above-captioned address within the City and County of Philadelphia. Proper six-month notice was provided to this Defendant pursuant to 42 Pa.C.S. § 5522, via letter dated June 12, 2025, which is attached hereto as Exhibit "B."

4.      Defendant, Curran-Fromhold Correctional Facility (hereinafter, sometimes referred to as "CFCF") is a correctional facility operated by the Defendant, Philadelphia Department of Prisons, and which may be served at the above-captioned address within the City

and County of Philadelphia. Proper six-month notice was provided to this Defendant pursuant to

42 Pa.C.S. § 5522, via letter dated June 12, 2025, which is attached hereto as Exhibit "C."

5.      Defendant, City of Philadelphia, is a political subdivision, also known as local

agency, of the Commonwealth of Pennsylvania, duly organized and existing under the laws of the

Commonwealth of Pennsylvania with offices located at the above-captioned address, and at all

relevant times herein subject to the provisions providing for exceptions to local agency immunity

as set forth at 42 Pa. C.S. §8542. Proper six-month notice was provided to this Defendant pursuant

to 42 Pa.C.S. § 5522, via letter dated June 12, 2025, which is attached hereto as Exhibit "D."

6.      Defendant, John Doe(s) 1-3, are designations pursuant to Pennsylvania Rule of

Civil Procedure 2005 to represent the employee(s) of the above-captioned Defendant(s) who are

responsible for the death of Decedent, Andrew M. Drury, herein, should that individual or entity

be one other than those named in the caption of this Complaint and whose exact identity remains

unknown to Plaintiff.

## JURISDICTION AND VENUE

7.      Plaintiff, Henry M. Drury III, incorporates by reference thereto paragraphs 1-6

above, inclusive as though the same were set forth herein at length.

8.      This Court possesses subject matter jurisdiction over this matter under 42 USC §

1983.

9.      This Court possesses personal jurisdiction over each Defendant in this matter,

because said Defendants were state actors at all times relevant hereto, with sufficient minimum

contacts with the forum state, Pennsylvania. Therefore, this Court has personal jurisdiction over

said Defendants under 42 USC §1983 and the Fourteenth amendment to the United States

Constitution.

10.     Venue is proper in this Court under 28 U.S.C. §1391(b)(1) and (2) because all Defendant(s) reside within the Eastern District of Pennsylvania, and because a substantial portion of the conduct and/or omissions giving rise to Plaintiff's claims occurred within the Eastern District of Pennsylvania.

**FACTS**

11.     Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, incorporates by reference thereto paragraphs 1-11 above, inclusive as though the same were set forth herein at length.

12.     On March 08, 2025, at approximately 02:15 A.M., the Decedent, Andrew M. Drury, was placed into the custody of the Defendant(s), Philadelphia Department of Prisons and/or CFCF at their correctional facility located at 7901 State Road, Philadelphia, PA 19136.

13.     At all times relevant and material hereto, the Decedent was held in general population to undergo "standard" intake procedures.

14.     At all times relevant and material hereto, Defendant(s) knew, or should have known, that the Decedent was suffering from opiate addiction and was therefore susceptible to severe withdrawal symptoms, up to and including death.

15.     In fact, Decedent had previously suffered similar life-threatening opiate withdrawal symptoms while in the custody of Defendant(s), specifically Defendant CFCF.

16.     Regardless of Decedent's previous health crisis while in the custody of Defendant, CFCF, Defendant(s), in their experience, knew or should have known that individuals suffering from opiate addiction were susceptible to severe withdrawal symptoms, up to and including death.

17.     Despite exhibiting signs of severe opiate withdrawal, Decedent was held by Defendant(s) in an intake cell for a period of nearly thirty-six (36) hours.

18.     On March 09, 2025, at approximately 01:45 P.M., Decedent was found unresponsive in his holding cell.

19.     Decedent, Andrew M. Drury, was pronounced dead at approximately 02:00 P.M. on March 09, 2025, at the Curran-Fromhold Correctional Facility (CFCF), with the cause of death on the Certificate of Death listed as "pending."

20.     At no point during Decedent's confinement did Defendant(s) provide any one-on-one assessment, monitoring, and/or supervision of Decedent, despite their knowledge and/or notice of Decedent's ongoing opiate addiction and likelihood of experiencing withdrawal.

21.     At no point during Decedent's confinement did Defendant(s) and/or their employee(s) provide any medical care to Decedent, nor did they alert any medical personnel of Decedent's withdrawal symptoms.

22.     At no point during Decedent's confinement did Defendant(s) and/or their employee(s) arrange, or attempt to arrange, medical transportation for Decedent so that Decedent could receive sufficient and necessary medical treatment at an outside facility.

23.     As a result of the negligence, recklessness, and/or gross indifference of the Defendant(s), Decedent experienced extreme conscious pain and suffering for a period of several hours until his death on March 09, 2025.

24.     At all times relevant and material hereto, Defendant(s), John Doe(s) 1-3, were acting as the agent(s), servant(s), workmen, and/or employee(s) of Defendant(s), specifically Philadelphia Department of Prisons and/or CFCF, and were acting under the color of the law in their actions and/or inactions towards the Decedent.

25.    At all times relevant and material hereto, Defendants acted with negligence, recklessness, and/or gross indifference towards the Decedent in their failure to seek adequate medical care for Decedent, while Decedent was in the custody and/or control of Defendant(s).

26.    Further, by placing Decedent in a holding cell for a period of nearly 36 hours, Defendant(s) affirmatively used their authority acting under the color the law to expose Decedent to a state-created danger to which he would not have otherwise been subjected, which directly resulted in his death.

27.    Plaintiff, Henry M. Drury III, hereby brings Wrongful Death and Survival actions pursuant to Pennsylvania law as well as action(s) under 42 U.S.C. § 1983 for the Constitutional rights violated by Defendant(s) in their negligence, recklessness, and/or gross indifference to the safety and well-being of the Decedent while Decedent was in the exclusive custody, control, and/or jurisdiction of Defendant(s). See DeShaney v. Winnebago Cty. DSS 489 U.S. 189 (1989).

## COUNT I - CIVIL RIGHTS – 42 U.S.C. § 1983

**Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased**
**v.**
**City of Philadelphia, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, Curran-Fromhold Correctional Facility, and/or John Doe(s) 1-3**

28.    Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, incorporates by reference thereto paragraphs 1-28 above, inclusive as though the same were set forth herein at length.

29.    At all times relevant and material hereto, Defendants, John Doe(s) 1-3, were employees of the Defendant(s), were acting under the color of state law pursuant to that authority, and are therefore subject to suit pursuant to 42 U.S.C. § 1983 for actions undertaken while acting under the color of state law.

30.     Defendant(s), as a local government and/or government entity/entities, qualify as "person[s]" subject to direct liability pursuant to 42 U.S.C. § 1983.

31.     At all times relevant and material hereto, Defendants, John Doe(s) 1-3 were acting as the agent(s) and/or employee(s) of Defendant(s), City of Philadelphia, Philadelphia Department of Prisons, and/or CFCF, who are therefore liable for their employees' actions by and through the doctrine of *respondeat superior*.

32.     Defendants' conduct, by failing to seek adequate and/or *any* medical attention for the Decedent and instead placing him in a general intake cell, unsupervised, for a period of several hours until his death, constituted a conscious disregard and/or deliberate indifference to the safety, well-being, and rights of others, namely the Decedent, Andrew M. Drury.

33.     Defendants' conduct, as set forth herein, created a danger and/or risk of harm to those in the position of Decedent, Andrew M. Drury, that otherwise would not have existed but for the actions of Defendants, as aforementioned.

34.     Defendants' conduct, as set forth herein, constitutes a state-created danger, as Defendants were acting under the color of state law at all times relevant hereto.

35.     Defendants' conduct, in creating a substantial and unjustifiable risk to those under Defendants' exclusive control, custody, and/or jurisdiction, such as the Decedent, Andrew M. Drury, shocks the conscience.

36.     As a direct and proximate result of the joint and/or several negligence, carelessness, gross indifference, and/or recklessness of Defendants, Decedent, Andrew M. Drury, suffered conscious pain and suffering up until his death.

37.     Defendants' conduct, as set forth herein, violated the Decedent's rights as guaranteed by the United States Constitution and Plaintiff, on Decedent's behalf as the duly

appointment Administrator of Decedent's Estate, is therefore entitled to the legal remedies as set forth under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, respectfully demands judgment in their favor and against above Defendants, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, Curran-Fromhold Correctional Facility, City of Philadelphia, and/or John Doe(s) 1-3, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

## COUNT II – CIVIL RIGHTS – 42 U.S.C. § 1983 (*Monell Claim*)

**Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased**
**v.**
**City of Philadelphia, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, and/or Curran-Fromhold Correctional Facility**

38.    Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, incorporates by reference thereto paragraphs 1-38 above, inclusive as though the same were set forth herein at length.

39.    Defendant(s), as a local government and/or government entity/entities, qualify as "person[s]" subject to direct liability pursuant to 42 U.S.C. § 1983.

40.    At all times relevant and material hereto, Defendant(s) acted under the color of state law.

41.    At all times relevant and material hereto, Defendant(s), City of Philadelphia, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, and/or Curran-Fromhold Correctional Facility, were acting as policymaker(s), whose directives, declarations, and/or pronouncements were given the effect of state law.

42.     At all times relevant and material hereto, Defendant(s) promulgated the policies, regulations, directives, and/or declarations governing the screening and/or intake process for individuals in their custody, which directly resulted in a violation of Decedent's rights under the Constitution. See 42 U.S.C. § 1983, Monell v. Dep't of Soc'l Serv's, 436 U.S. 658 (1978) and their progeny.

43.     As a direct and proximate result of the failure of Defendant(s) to sufficiently train its employee(s) and/or to promulgate adequate policies and/or practices, Decedent suffered the aforementioned conscious pain and suffering until their death in the custody of Defendant(s).

**WHEREFORE**, Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, respectfully demands judgment in their favor and against above Defendants, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, Curran-Fromhold Correctional Facility, City of Philadelphia, and/or John Doe(s) 1-3, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

## COUNT III – NEGLIGENCE

**Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased**
**v.**
**City of Philadelphia, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, Curran-Fromhold Correctional Facility, and/or John Doe(s) 1-3**

44.     Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, incorporates by reference thereto paragraphs 1-44 above, inclusive as though the same were set forth herein at length.

45.     The individual, joint and/or several negligence and/or recklessness of Defendant(s) consisted of the following:

(a)     Failing to properly screen, hire, train, and/or supervise their employees at CFCF;

(b)     Failing to adequately screen Decedent upon arrival to CFCF;

(c)     Placing Decedent in "general" population despite Decedent exhibiting symptoms of opiate withdrawal;

(d)     Failing to seek any medical attention for Decedent;

(e)     Failing to alert medical personnel and/or professionals of Decedent's medical condition(s) and/or symptom(s);

(f)     Failing to supervise and/or monitor the Decedent for a period of several hours prior to his death;

(g)     Failing to take notice that Decedent was experiencing opiate withdrawal;

(h)     Failing to recognize that Decedent had suffered similar withdrawal symptoms while previously in the custody of Defendant(s);

(i)     Failing to transport Decedent to a nearby hospital at any time;

(j)     Failing to administer any opiate withdrawal treatment(s) prior to Decedent being found unresponsive in the holding cell;

(k)     Failing to provide any one-on-one care, consultation, intake, and/or screening with the Decedent; and,

(l)     Failing to adequately staff CFCF in order to ensure Decedent was sufficiently supervised and/or monitored while in custody.

46.     As a direct and proximate result of the joint and/or several negligence, carelessness, and/or recklessness of Defendants, Decedent, Andrew M. Drury, endured a period of conscious pain and suffering prior to his death while in the custody of Defendant(s).

47.     The conduct of Defendants, by failing to seek any medical attention for Decedent after placing him, unsupervised, in a general intake cell while Decedent was suffering from life-

threatening opiate withdrawal symptoms, represented a reckless and/or gross indifference to the safety and well-being of others, particularly the Decedent, Andrew M. Drury.

48.     Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, respectfully demands judgment in their favor and against above Defendants, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, Curran-Fromhold Correctional Facility, City of Philadelphia, and/or John Doe(s) 1-3, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

<u>**COUNT IV – WRONGFUL DEATH**</u>

**Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased**
**v.**
**City of Philadelphia, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, Curran-Fromhold Correctional Facility, and/or John Doe(s) 1-3**

49.     Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, incorporates by reference thereto paragraphs 1-49 above, inclusive as though the same were set forth herein at length.

50.     As a result of the joint and/or several negligence and/or recklessness of Defendants, Plaintiff's son and Decedent, Andrew M. Drury, died while in the exclusive custody, control, and/or jurisdiction of the above-named Defendant(s).

51.     Plaintiff brings this action under and pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S. A. §8301, on his own behalf and on behalf of Decedent, Andrew M. Drury's, statutory heirs and demands damages of Defendants for the losses suffered by Decedent Andrew M. Drury's survivors, including medical expenses, funeral expenses, other expenses reasonably

associated with his death, and for all other legally compensable damages associated with the Decedent's injuries and death.

**WHEREFORE**, Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, respectfully demands judgment in their favor and against above Defendants, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, Curran-Fromhold Correctional Facility, City of Philadelphia, and/or John Doe(s) 1-3, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

## COUNT V – SURVIVAL ACTION

**Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased**
**v.**
**City of Philadelphia, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, Curran-Fromhold Correctional Facility, and/or John Doe(s) 1-3**

52.    Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, incorporates by reference thereto paragraphs 1-52 above, inclusive as though the same were set forth herein at length.

53.    Plaintiff brings this action on behalf of the Estate of the Decedent, Andrew M. Drury, under and pursuant to the Pennsylvania Survival Act, 42 Pa.C.S.A. §8302, for all damages recoverable by law, including for the conscious pain and suffering which he endured up to and including the time of his death as a result of the joint and/or several recklessness and/or negligence and/or gross indifference of the Defendant(s), and for all other legally compensable expenses incurred in connection with the Decedent, Andrew M. Drury's, injuries and death.

**WHEREFORE**, Plaintiff, Henry M. Drury III, as Administrator of the Estate of Andrew M. Drury, deceased, respectfully demands judgment in their favor and against above Defendants, Pennsylvania Office of Attorney General, Philadelphia Department of Prisons, Curran-Fromhold

Correctional Facility, City of Philadelphia, and/or John Doe(s) 1-3, for compensatory and punitive damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

**ZAFRAN LAW GROUP**

BY:    /s/ *David B. Kline*
          DAVID B. KLINE, ESQUIRE
          ID 58733

**ZAFRAN LAW GROUP**
1500 Walnut Street, Suite 500
Telephone: (215) 587-0038
Email: dkline@zafranlaw.com
*Attorney for Plaintiff*